NOT DESIGNATED FOR PUBLICATION

No. 119,879

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JANE GERDZOS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cloud District Court; KIM W. CUDNEY, judge. Opinion filed April 19, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and LEBEN, JJ.

PER CURIAM: Jane Gerdzos appeals the district court's decision revoking her probation and ordering her to serve her underlying prison sentence. We granted Gerdzos' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response.

On August 8, 2017, Gerdzos pled no contest to possession of cocaine. On October 2, 2017, the district court sentenced Gerdzos to 11 months' imprisonment but granted probation for 12 months to be supervised by court services. The conditions of Gerdzos' probation included that she refrain from the possession or consumption of alcohol or illegal drugs and that she not own, possess, or carry a firearm.

1

Gerdzos' case was transferred to Indiana for supervision through the Interstate Compact, but her probation was unsuccessful. On March 12, 2018, the State filed a motion to revoke probation alleging that Gerdzos failed to complete community service hours, failed to gain and maintain employment, failed to submit to a substance abuse assessment, failed to report to her probation officer as directed, and failed to refrain from the use of illegal drugs. On April 4, 2018, the State filed an addendum to the motion, alleging that Gerdzos was found in possession of an AR-50 large caliber rifle.

The district court held a hearing on May 1, 2018, and Gerdzos' probation officer testified to establish the claimed probation violations. After hearing the evidence, the district court found by a preponderance of evidence that Gerdzos violated the conditions of her probation. The district court revoked Gerdzos' probation and ordered her to serve her original sentence, finding that she was a jeopardy to public safety because of her possession of firearms and her use of illegal substances. Gerdzos timely appealed.

On appeal, Gerdzos claims the district court "abused its discretion in ordering her to serve her original sentence rather than first imposing an intermediate sanction." Gerdzos acknowledges that under K.S.A. 2018 Supp. 22-3716(c)(9)(A), the district court can revoke an offender's probation without imposing an intermediate sanction if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized by such a sanction.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing

2

such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Here, in revoking Gerdzos' probation without imposing an intermediate sanction, the district court stated:

> "The law does require that to revoke I must find that the safety of the public will be jeopardized or your welfare would not be served by a sanction.
> "Well, in this particular case, we do have the piece of information about you possessing a firearm and that is a risk to public safety.
> "Further, you tested positive for an illegal substance and you've done nothing to obtain treatment. All of those factors are factors this Court would consider to jeopardize public safety.
> "And accordingly, the Court finds that given the absolute number of violations and your complete absence of an attempt to follow probation and the fact that Indiana is sending you back to Kansas because you have not complied, the Court finds that revocation of your probation is appropriate.
> "That you are a jeopardy to public safety because of your possession of firearms and use of illegal substances and that your underlying sentence will be imposed."

Gerdzos does not challenge the legal sufficiency of the district court's findings under K.S.A. 2018 Supp. 22-3716(c)(9)(A). Based on our review of the record, the district court's decision to revoke Gerdzos' probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Gerdzos has failed to show that the district court abused its discretion by revoking her probation and ordering her to serve her underlying prison sentence.

Affirmed.